UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X

EDDIE TARAFA,                             :

                    Petitioner,           :     10 Civ. 3870 (AJN)(HBP)

     -against-                            :     OPINION
                                                AND ORDER
DALE ARTUS,                               :

                    Respondent.           :

-----------------------------------X


          PITMAN, United States Magistrate Judge:


I.   Introduction


          By notice of motion dated March 5, 2012 (Docket Item

28), petitioner seeks to stay consideration of his habeas corpus

petition while he exhausts certain additional claims in state

court.  For the reasons set forth below, the motion is denied.


II.  Facts


          In December 2003, petitioner pled guilty to one count

of murder in the second degree in violation of New York Penal Law

Section 125.25 (Affidavit of Assistant District Attorney Robert

R. Sandusky, III, Esq., sworn to April 19, 2012, (Docket Item 32)

("Sandusky Aff."), ¶ 4).  Petitioner pled guilty pursuant to a

cooperation agreement that provided in pertinent part that, if

the prosecution was satisfied with his cooperation, he would be permitted to withdraw his plea to the murder count and plead to a manslaughter count (Petition for Writ of Habeas Corpus, filed May 11, 2010 (Docket Item 2), Ex. 1). Petitioner, however, violated the cooperation agreement by committing new offenses after the agreement's execution, and he lost all the benefits he could have received under the agreement (Sandusky Aff. ¶ 5).

In his current application, petitioner seeks to stay consideration of his petition while he exhausts a claim or claims in state court. In his motion, petitioner seems to be describe a single claim as the predicate for his motion, namely that the prosecution and defense counsel failed to disclose to petitioner material that either impeached petitioner's accusers or excul- pated petitioner:

> The facts of ("Eddie Tarafa") case [sic] amply demonstrate "good cause" warranting staying and holding in abeyance pending resolution of his 440 motion rais- ing the issue, prior to the imposition of sentence material evidence at at [sic] the proceeding's [sic] resulting in the judgment being false and was, prior to the entry of judgment, known to or should have been known by the prosecutor to have been false. The prose- cutor and defense counsel had in their possession affidavits from alleged codefendants wherein they swear under oath the[y] were coerced to [implicate] peti- tioner, as well as an affidavit from the deceased['s] father which is exculpatory in nature. Nevertheless, if there is a coercive impact on the subsequent guilty plea the voluntariness of the plea is called into question. [S]ee Chambers v. Florida, 309 U.S. 277, 60 S.Ct. 427, 84 L. [E]d. 716 (1940).

(Declaration of Eddie Tarafa, dated March 5, 2012, annexed to
Notice of Motion, dated March 5, 2012 (Docket Item 28), ¶ 3).
The memorandum of law petitioner submitted in support of his
state collateral attack is somewhat more expansive and appears to
claim that petitioner's conviction should be vacated because (1)
the indictment to which petitioner pled guilty was deficient in
that defendant is named in only count one of the indictment while
the remaining five counts simply refer to "the defendants;" (2)
the prosecution failed to disclose material that either impeached
petitioner's accusers or exculpated petitioner; (3) the guilty
plea was the result of allegedly coercive advice from peti-
tioner's attorney and an Assistant United States Attorney; (4)
petitioner did not commit any new offenses after his guilty plea
and should have received the benefit of his plea agreement and
(5) petitioner did not receive the effective assistance of
counsel (<u>see</u> Exhibit 1 to the Supplemental Affidavit of Robert R.
Sandusky, III, Esq. in Opposition to Petitioner's Motion to Stay
and Hold in Abeyance his Pending Habeas Corpus Petition, sworn to
May 2, 2012 (Docket Item 33) ("Sandusky Supp. Aff.")).

III.  <u>Analysis</u>

        Although both the Court of Appeals for the Second
Circuit and the United States Supreme Court have confirmed that a

3

district court has the power to stay consideration of a state prisoner's petition for a writ of habeas corpus in order to permit the prisoner to exhaust his unexhausted claims, Rhines v. Weber, 544 U.S. 269 (2005); Zarvela v. Artuz, 254 F.3d 374 (2d Cir. 2001), the granting of such stay is not a matter of course.

> [S]tay and abeyance should be available only in limited circumstances.  Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court.  Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless.  Cf. 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

Rhines v. Weber, supra, 544 U.S. at 277.  Neither the Rhines Court nor the Court of Appeals for the Second Circuit has defined "good cause."  McCrae v. Artus, 10-CV-2988 (RRM), 2012 WL 3800840 at *8 (E.D.N.Y. Sept. 2, 2012); Taylor v. Poole, 07 Civ. 6318 (RJH)(GWG), 2009 WL 2634724 at *30-*31 (S.D.N.Y. Aug. 27, 2009) (Gorenstein, M.J.) (Report & Recommendation), adopted, 2011 WL 3809887 (S.D.N.Y. Aug. 26, 2011) (Holwell, D.J.).  Petitioner's motion is denied because he has either failed to show good cause for his delay in asserting the claims or the claims are clearly meritless.

To the extent petitioner claims he is entitled to relief from his guilty plea because he was not advised of the information that allegedly impeached his accusers, the claim is meritless.  "[T]he Constitution does not require the Government to disclose material impeachment evidence prior to entering a plea agreement with a criminal defendant."  United States v. Ruiz, 536 U.S. 622, 633 (2002); accord Friedman v. Rehal, 618 F.3d 142, 153 (2d Cir. 2010).  To the extent petitioner is claiming that he was unaware of allegedly exculpatory material prior to his plea, his claim is also meritless.  Although no court has expressly resolved the issue, there is some authority in dicta that the Supreme Court's decision in Ruiz and the Second Circuit's decision in Friedman apply with equal force to exculpatory material.  Friedman v. Rehal, supra, 618 F.3d at 153-54; Donley v. United States, 07-CR-4040 (NGG), 2011 WL 73076 at *10 (E.D.N.Y. Jan. 10, 2011).  In any event, however,

> the Supreme Court has never held that exculpatory material (as opposed to impeachment material) must be disclosed prior to a guilty plea.  Therefore, a state court decision on that issue could not have been "contrary to clearly established federal law, as determined by the Supreme Court of the United States."  28 U.S.C. § 2254(d)(1).  A habeas petition may not be granted on an issue of law that has not yet been resolved.  See Friedman v. Rehal, 618 F.3d 142, 154-55 (2d Cir. 2010) (discussing Ruiz and holding that, because no clearly established federal law has been established as to the application of Brady to a guilty plea, such a claim was not cognizable on habeas review).

Powell v. Graham, 10-CV-1961 (JFB), 2013 WL 37565 at *15-*16 (E.D.N.Y. Jan. 3, 2013).  Thus, petitioner's contention that he was unaware of material that either impeached his accusers or exculpated him could not be a basis for habeas relief.

To the extent petitioner claims he is entitled to habeas corpus relief because the indictment is defective, he also fails to state a claim that would entitle him to habeas corpus relief.  The caption of the indictment in issue identifies petitioner and two other defendants (Ex. 2 to Petitioner's 440.10 motion, annexed as Exhibit 1 to the Sandusky Supp. Aff.).  Count one of the indictment identifies petitioner and one of his co-defendants by name.  The remaining five counts simply refer to the "defendants" and charge all three defendants; no defendant is identified by name in counts two through five.  If petitioner is claiming that the indictment is so vague that he did not know the nature of the crimes with which he was charged, no reasonable reading of the indictment supports that argument.  The indictment is clearly sufficient to inform the defendant of the charges against him.  United States v. Lamont, 236 F.2d 312, 315 (2d Cir. 1956) ("It is of course the function of an indictment to set forth without unnecessary embroidery the essential facts consti-tuting the offense and thus accurately acquaint the defendant with the specific crime with which he is charged.").  Moreover,

petitioner's guilty plea operates as a waiver of any other

purported, non-jurisdictional defect in the indictment.

> [A] guilty plea represents a break in the chain of
> events which has preceded it in the criminal process.
> When a criminal defendant has solemnly admitted in open
> court that he is in fact guilty of the offense with
> which he is charged, he may not thereafter raise inde-
> pendent claims relating to the deprivation of constitu-
> tional rights that occurred prior to the entry of the
> guilty plea.

Tollett v. Henderson, 411 U.S. 258, 267 (1973).  Accord United

States v. Gregg, 463 F.3d 160, 164 (2d Cir. 2006) ("[A] guilty

plea does not 'waive' constitutional challenges so much as it

conclusively resolves the question of factual guilt supporting

the conviction, thereby rendering any antecedent constitutional

violation bearing on factual guilt a non-issue[.]"); Whitehead v.

Senkowski, 943 F.2d 230, 233 (2d Cir. 1991) ("Generally, a

knowing and voluntary guilty plea precludes federal habeas corpus

review of claims relating to constitutional rights at issue prior

to the entry of the plea."); cf. United States v. Coffin, 76 F.3d

494, 496 (2d Cir. 1996) ("[A] knowing and voluntary guilty plea

waives all nonjurisdictional defects in the prior proceedings.");

Lebowitz v. United States, 877 F.2d 207, 209 (2d Cir. 1989)

(knowing and voluntary guilty plea waives all non-jurisdictional

defects in prior proceedings).

> The point of these cases is that a counseled plea
> of guilty is an admission of factual guilt so reliable

7

> that, where voluntary and intelligent, it quite validly
> removes the issue of factual guilt from the case.  In
> most cases, factual guilt is a sufficient basis for the
> State's imposition of punishment.  A guilty plea,
> therefore, simply renders irrelevant those constitu-
> tional violations not logically inconsistent with the
> valid establishment of factual guilt and which do not
> stand in the way of conviction if factual guilt is
> validly established.  Menna v. New York, 423 U.S. 61,
> 62 n.2 (1975).

Lugo v. Artus, 05 Civ. 1998 (SAS), 2008 WL 312298 at *3 (S.D.N.Y.

Jan. 31, 2008) (Scheindlin, D.J.).  Finally, petitioner's claim

fails as a matter of state law.  Indictments that name a defen-

dant in the caption and subsequently refer to him as "defendant"

have been repeatedly upheld.  Downey v. Hale, 67 F.2d 208, 208

(1st Cir. 1933) (interpreting New York law); Franco v. Walsh, 00

Civ. 8930 (AGS)(JCF), 2002 WL 596355 at *11 (S.D.N.Y. Apr. 17,

2002) (Schwartz, D.J.), aff'd mem., 73 F. App'x 517 (2d Cir.

2003); People v. Graham, 57 A.D.3d 1508, 1509, 870 N.Y.S.2d 665,

666 (4th Dep't 2008), leave to appeal denied, 12 N.Y.3d 705, 906

N.E.2d 1085, 879 N.Y.S.2d 51 (2009).  Thus, petitioner's conten-

tion that the indictment is defective is meritless.

     Petitioner's claims that his plea was coerced and that

he did not violate the terms of his plea agreement by committing

a new offense after the agreement's execution are insufficient to

justify a stay because petitioner offers no excuse for his delay

in asserting these claims.  Whatever facts support these claims

must date back to 2003 and 2004 when petitioner pled guilty and was found to have violated the terms of his plea agreement (Sandusky Aff. ¶¶ 4-5).  Because petitioner offers no excuse for his failure to assert these claims before 2012, he has not shown "good cause" for his failure to exhaust the claims in a timely manner.

Finally, petitioner's claim that his counsel was ineffective also does not provide a basis for a stay.  This claim appears to be based on either counsel's alleged failure to investigate and discover the evidence that allegedly impeached petitioner's accusers and exculpated petitioner or counsel's failure to disclose this information to petitioner prior to his guilty plea.  Petitioner does not state in any of his papers when he first became aware of this evidence or when he became aware of his counsel's alleged failure to discover or disclose it in a timely manner.  The record is entirely silent as to when petitioner learned of these facts.  Because petitioner bears the burden of demonstrating good cause for his failure to exhaust this claim in a timely manner, Bryson v. Lemke, CV-11-0749 (SJF), 2012 WL 3544772 at *5 (E.D.N.Y. Aug. 10, 2012), citing Perkins v. LaValley, 11 Civ. 3855 (JGK), 2012 WL 1948773 at * 1 (S.D.N.Y. May 30, 2012) (Koeltl, D.J.), petitioner's failure to explain his delay warrants the denial of his motion.

9

IV.   Conclusion

    Accordingly, for all the foregoing reasons, peti-
tioner's application to stay consideration of his habeas corpus
petition while he exhausts certain claims in state court (Docket
Item 28) is denied in all respects.

Dated:  New York, New York
        January 23, 2013

                              SO ORDERED

                              HENRY PITMAN
                              United States Magistrate Judge

Copies transmitted to:

Mr. Eddie Tarafa
DIN 08-A-0632
Shawangunk Correctional Facility
200 Quick Road
P.O. Box 700
Wallkill, New York  12589

Robert R. Sandusky, III, Esq.
Assistant District Attorney
Bronx County
Appeals Bureau
Room 1060
198 East 161st Street
Bronx, New York  10451

10